UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

COUNTRY INNS & SUITES BY
CARLSON, INC.,

        Plaintiff,

v.                                      Case No. 3:09mc84/MCR/EMT

INTERSTATE PROPERTIES, LLC;
WILLIAM ABRUZZINO; and
JAGDISH SINGH,

        Defendants,

v.

EMERALD COAST HOSPITALITY, LLC;
GEORGIA PLAZA, LLC; and PLAZA
MANAGEMENT, LLC,

        Garnishees.
_____/

**O R D E R**

Pending before the court is the Answer to Writ of Garnishment filed by Patrick McCorry on behalf of Emerald Coast Hospitality, LLC, garnishee, on November 18, 2009 (doc. 19). The answer represents that Defendant Interstate Properties, LLC, is using the name of McCorry's company, Emerald Coast Hospitality, LLC, but in fact has no connection with McCorry's company. The answer denies any involvement with the companies or individuals listed in the suit.

Pursuant to Florida law, when a garnishee answers and the plaintiff is not satisfied with the answer, the plaintiff has 20 days in which to reply and deny the allegations of the answer. Fla. Stat. § 77.061. "On failure of plaintiff to file a reply, the answer shall be taken

as true and on proper disposition of the assets, if any are disclosed thereby, the garnishee is entitled to an order discharging him or her from further liability under the writ." *Id.* The plaintiff did not file a reply to the answer, and the 20-day time for doing so has passed.[1] Therefore, the court takes the answer as true. Because the answer denies any involvement with the companies or individuals listed in this suit and the plaintiff did not dispute the allegation, Emerald Coast Hospitalities, LLC, owned by Patrick McCorry of Destin, Florida, is entitled to an order discharging it from further liability under the writ of garnishment. *See id.; see also Fla. Pub. Serv. Comm'n v. Pruitt, Humphress, Powers & Munroe Ad. Agency, Inc.*, 587 So. 2d 561, 562-63 (Fla. 1st DCA 1991) (taking as true an answer to a writ of garnishment where no reply to the answer was filed and noting that "[t]he writ of garnishment only makes the garnishee liable for debts due to the defendant and 'for any tangible or intangible personal property of defendant in his possession or control'" (quoting Fla. Stat. § 77.06(1))).

Accordingly, it is hereby ORDERED:

1. Emerald Coast Hospitalities, LLC, owned by Patrick McCorry, is DISCHARGED from further liability under the order granting writ of garnishment or continuing writ of garnishment (docs. 8 & 9) entered in this cause.

**DONE AND ORDERED** this 22nd day of December, 2009.

      s/ *M. Casey Rodgers*
      **M. CASEY RODGERS**
      **UNITED STATES DISTRICT JUDGE**

---

[1] The court also notes that the Answer to Writ of Garnishment (doc. 19) was not filed within 20 days of service of the writ. *See* Fla. Stat. § 77.04 (stating writ shall require the garnishee to serve an answer within 20 days after service stating whether he or she is indebted to the defendant). However, the plaintiff made no objection to the answer nor did the plaintiff move for a default judgment on the basis of failure to timely file an answer, and Emerald Coast Hospitality, LLC, denies any connection to the parties at all. *Cf. Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Publisher's Vending Servs., Inc.*, 296 So. 2d 570, 572 (Fla. 3rd DCA) (setting aside a default judgment where, although the answer was served late, it had been filed by the time the default judgment was entered), *cert. denied*, 305 So. 2d 208 (Fla. 1974).

Case No. 3:09mc84/MCR